## McKINLEY MUSIC CO. v. MANDEL.

(Supreme Court, Appellate Term, Second Department.   March, 1912.)

SALES (§ 52*)—ACTIONS FOR PRICE—EVIDENCE—SUFFICIENCY.

In an action on a contract for the price of goods sold and delivered, a judgment for defendant, on the theory that he had been fraudulently induced to sign the contract, held not sustained by the evidence.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 118–144, 1045; Dec. Dig. § 52.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by the McKinley Music Company against Abraham Mandel. From a judgment dismissing the complaint after trial on the merits, plaintiff appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GARRETSON, STAPLETON, and KAPPER, JJ.

Truax & Watson, of New York City, for appellant.
Myron H. Krieger, of Brooklyn, for respondent.

PER CURIAM. The action is for the agreed price of goods sold and delivered. The defendant had judgment.

It is admitted that the goods were delivered. It is further admit-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ted that the goods were sold, and that the amount sued for is the agreed price, if there were a valid agreement. The instrument under which the sale and delivery were made, and the price fixed, is printed, and is signed by the defendant, with his name and address. The defendant reads and writes English.

The only artifice which he claims was fraudulently practiced upon him by the representative of the plaintiff, in order to avoid the instrument, was that the representative of the plaintiff asked him to write on the back of the instrument the names of four persons with whom he had credit and to whom he could refer, which he did; that after so doing his attention was momentarily distracted, and thereafter he was handed a paper, and asked to sign his name beneath the names of the referees, which he says he did. The fact is he signed his name at the appropriate place at the end of the agreement and on the face thereof. An examination of the paper makes his claim incredible.

At the trial there were only two witnesses to the transaction, the plaintiff's representative and the defendant. The plaintiff's representative testified that defendant read the paper before signing it. The judgment, under the circumstances, is contrary to the evidence, and must be reversed.

Judgment reversed, and new trial ordered, with costs to abide the event.